# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KEVIN C. HAWKINS,**
**Defendant Below, Petitioner**

**vs.) No. 22-ICA-140**        (Cir. Ct. Upshur Cnty. No. 21-C-17)

**RANDY J. HAWKINS,**
**Plaintiff Below, Respondent**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kevin C. Hawkins appeals the Circuit Court of Upshur County's August 31, 2022, Memorandum Order. In that order, the circuit court partitioned the property inherited by the parties from their father. Respondent Randy J. Hawkins filed a response in support of the circuit court's order.[1]  Kevin did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter concerns the partition of the Hawkins' family farm following the death of the parties' father, George Hawkins. Prior to George Hawkins' death, he devised a 30.67-acre tract to Randy in 1994. In 2010, George Hawkins devised a 48.83-acre tract and a 44-acre tract to Kevin. In 2015, George Hawkins died testate and left both Randy and Kevin a one-half undivided interest in the remaining property he owned at the time of his death, which included approximately 169 acres of real property. The 169 acres consists of a 77-acre tract known as the "Shipman tract"; a 50-acre tract with a two-story home known as "Granny's house"; a 40.42-acre tract with a two-story home known as "Dad's house"; and a 1.75-acre tract.

Sometime around 2018, the relationship between Randy and Kevin began to deteriorate, which led to Randy commencing the underlying litigation for partition of the remaining 169 acres.

---

[1] Kevin is represented by Scott Curnutte, Esq. Randy is represented by Jefferson L. Triplett, Esq.

A bench trial was held on December 17, 2021. During the trial, both parties testified that they did not want the property sold as a result of the partition. However, they disagreed about how the property should be divided. Following the trial, on January 26, 2022, the circuit court entered its Memorandum Order that adopted the proposed allocation of the special commissioner.[2] In regard to the real property, Randy was allotted the 50-acre tract containing Granny's house and 48-acres on the western side of the Shipman tract. Kevin was allotted the 40.42-acre tract containing Dad's house, the 1.75-acre tract, and 29-acres of land on the eastern side of the Shipman tract.[3] Essentially, under the circuit court's order, Randy would own the western side of the farm and Kevin would own the eastern side. The order also divided personal property between Kevin and Randy. Randy received less personal property. The circuit court concluded that the difference in value of the real property received by each brother was only $1,420.00.

However, after entry of the January 26, 2022, Memorandum Order, Kevin realized that the special commissioner made a mistake in his report to the circuit court by transposing the value of Granny's house with the value of Dad's house, thereby causing Randy to receive real property that was valued at $26,602.50 more than the real property received by Kevin. As a result, Randy filed a motion for a new trial and relief from judgment. By order dated August 18, 2022, the circuit court denied the motion and concluded that curing the difference in value would not require new testimony. The circuit court then took under advisement how to best address the difference in value and granted leave to the parties to submit proposals.

After both parties submitted proposals for how the imbalance should be cured, the circuit court entered another Memorandum Order on August 31, 2022. In that order, the circuit court reasoned that the best way to address the difference in value of the property received by each party would be for Randy to make a cash payment to Kevin in the amount of $12,500.00. The circuit court held that the cash payment should be less than the equalizing amount of $13,301.25 because Randy received less personal property. The circuit court also noted that Kevin's proposal, which sought to have Kevin receive sixteen acres of land from the 50-acre tract containing Granny's house, "would increase the possibility of future conflict as it would give [Kevin] property to the east and to the west of [Randy]." It is from this order that Kevin appeals.

---

[2] Though Randy's complaint sought to have the circuit court appoint special commissioners pursuant to West Virginia Code § 37-4-3 (1957), it appears that the parties later agreed to have Mr. Steve Holmes appointed as the sole special commissioner in regard to the real property.

[3] Although the circuit court's order does not expressly state that the 1.75-acre tract was allotted to Kevin, it is clear from the record that the 40.17 acres on the eastern side of the property allotted to Kevin is the result of combining the 1.75-acre tract with the 40.42 tract and then excepting two acres from that total as curtilage for Dad's house.

When assessing an appeal of a bench trial before a circuit court, we apply the following standard of review: "The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 1, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). The Supreme Court of Appeals of West Virginia has also made clear that,

> [t]he deference accorded to a circuit court sitting as factfinder may evaporate if upon review of its findings the appellate court determines that: (1) a relevant factor that should have been given significant weight is not considered; (2) all proper factors, and no improper factors, are considered, but the circuit court in weighing those factors commits an error of judgment; or (3) the circuit court failed to exercise any discretion at all in issuing its decision.

Syl. Pt. 1, *Brown v. Gobble,* 196 W. Va. 559, 474 S.E.2d 489 (1996).

On appeal, Kevin asserts that the circuit court abused its discretion by rejecting his proposal to allot him sixteen acres of land from the 50-acre tract containing Granny's house to cure the difference in value received by each party as a result of the special commissioner's mistake.[4] The Supreme Court of Appeals of West Virginia has held that in order to set aside a partition, it must be shown that the allotment was made on wrong principles or was grossly unequal. *See* Syl. Pt. 2, *Feamster v. Feamster*, 123 W. Va. 353, 15 S.E.2d 159 (1941). Here, it does not appear that Kevin is asserting that the owelty payment ordered by the circuit court to cure the difference in value results in an allotment that is made on wrong principles or is grossly unequal.[5] Rather, it appears that Kevin is asserting that he would have preferred that the circuit court had chosen a different way to equalize the value. Given the strained relationship between the parties, the circuit court did not abuse its discretion by allotting the property in a manner that attempted to insulate the parties from one another while also attempting to equally allot the value received by each

---

[4] Kevin also asserts, in passing, that the circuit court awarded Randy valuable interests in gas rights and a right of way which generates $2,000.00 annually and is expected to be more valuable in the future. While the circuit court's order does not contain any such express ruling, it appears from the testimony below that both parties separately receive $1,000.00 each from those interests and plan to continue such arrangement. Likewise, while any future increase in value is speculative, the testimony below indicates that the parties plan to split any future increase in value between them.

[5] "'Owelty' is a common-law doctrine where one party pays a sum of money to another when real property subject to partition in kind cannot be divided into exactly equal shares." 68 C.J.S. *Partition* § 2 Westlaw (database updated August 2023).

party. Though the allotment of real property was not equal, given the owelty payment ordered by the circuit court to cure the imbalance, we cannot conclude that such an allotment was made on wrong principles or was grossly unequal.

Therefore, we affirm the circuit court's August 31, 2022, Memorandum Order.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen